UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY SYKES,

    Plaintiff,

v.                                               Case No. 8:19-cv-00019-T-35-SPF

HILLSBOROUGH COMMUNITY
COLLEGE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Gregory Sykes' ("Plaintiff") Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*. Upon review of the Complaint (Doc. 1) and Plaintiff's Affidavit of Indigency, it is recommended that Plaintiff's request be denied, and the Complaint be dismissed.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "lack an arguable basis either in law or fact." *See Denton v. Hernandez*, 504 U.S. 25, 31, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)); *Bilal v.*

1

*Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## DISCUSSION

In the Complaint, Plaintiff alleges that he filed two academic grievances with Hillsborough Community College ("Defendant"), but the grievances were destroyed by Defendant. Plaintiff asks the federal government to investigate what happened with those grievances. (Doc. 1 at 2). As the legal basis for his request, Plaintiff cites to Title 18 of the United States Code, which is entitled "Crimes and Criminal Procedure." Specifically, Plaintiff cites to Sections 371 and 1341 of Title 18, addressing the crimes of "conspiracy to commit offense or to defraud the United States" and "frauds and swindles," respectively. It appears that Plaintiff is asking the Court to order the Department of Justice to initiate a criminal investigation against Defendant.

The "decision to investigate and prosecute crimes is entrusted to the executive branch." *Thibeaux v. United States Attorney Gen.*, 275 F. App'x. 889, 892 (11th Cir. 2008) (citing *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000); U.S. Const., art. II, § 3). Therefore, the Court has no authority to initiate criminal investigations on its own. *See Id*. (discussing that even under the power of the court to issue a *writ of mandamus* to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff, a court may not control prosecutorial discretion). Additionally, the Eleventh Circuit has repeatedly applied the long-standing principle that "a private citizen has no judicially cognizable interest

2

in the prosecution or non-prosecution of another." *Otero v. United States Attorney Gen.,* 832 F.2d 141, 141 (11th Cir.1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)).  Accordingly, Plaintiff cannot rely on the cited sections of the criminal code to establish a cause of action for his private civil action.  *See e.g., Thibeaux*, 275 Fed. Appx. at 893 (stating that sections 245 and 242 of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies).  While this Court is mindful that a *pro se* plaintiff's pleading must be construed liberally, the Court finds that Plaintiff fails to state a claim for which relief may be granted.  Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) be denied.
2. Plaintiff's Complaint (Doc. 1) be dismissed.

It is so **REPORTED**, in Tampa, Florida, on January 31, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02.


cc: Hon. Maria S. Scriven
    Plaintiff, *pro se*